## AFFIDAVIT

1. I, Adam L. Krob, being duly sworn, hereby depose and state that the following is true to the best of my information, knowledge, and belief:

### Introduction and Agent Background

2. I am a Special Agent of the Federal Bureau of Investigation and have been since 2004. I am currently assigned to the Denver FBI Child Exploitation and Human Trafficking Task Force. As part of my duties, I investigate criminal violations relating to child exploitation and child pornography, including violations pertaining to the illegal production, distribution, receipt and possession of child pornography, in violation of Title 18, United States Code, Sections 2251, 2252, and 2252A. I have received training and instruction in the field of investigation of child pornography and have had the opportunity to participate in investigations relating to the sexual exploitation of children. As part of my training and experience, I have reviewed images containing child pornography in a variety of formats (such as digital still images and video images) and media (such as digital storage devices, the Internet, and printed images).

3. This affidavit is submitted in support of a complaint alleging violations of Title 18 U.S.C. Section 2252A(a)(5)(B), knowingly possessing child pornography.

4. Because this affidavit is being submitted for the limited purpose of obtaining a complaint, I have not included each and every fact known to me concerning this investigation. I have set forth facts that I believe are necessary to establish probable cause to believe that Andres Cuetara ("Cuetara" or "Defendant") has committed violations of Title 18 U.S.C. Section 2252A(a)(5)(B).

5. The information contained within the affidavit is based on my own observations, as well as information imparted to me by other law enforcement officers involved in this investigation.

### RELEVANT STATUTES

6. This investigation concerns alleged violations of 18 U.S.C. Section 2252A(a)(5)(B), relating to the possession of child pornography.

7. 18 U.S.C. Section 2252A(a)(5)(B) prohibits a person from knowingly possessing any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

### DEFINITIONS

8. The following definitions apply to this Affidavit.

9. "Child Pornography" includes the definition in 18 U.S.C. § 2256(8) (any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct).

10. "Visual depictions" includes prints, copies of visual images, developed and undeveloped film and videotape, and data stored on computer disk or by electronic means, which is capable of conversion into a visual image *See* 18 U.S.C. § 2256(5).

11. "Sexually Explicit Conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex, or bestiality, or masturbation, or sadistic or masochistic abuse, or lascivious exhibition of the genitals or pubic area of any person. See 18 U.S.C. § 2256(2)(A).

## INVESTIGATION

12. On November 12, 2020, the Hon. Magistrate Judge Kristen L. Mix authorized a search warrant for 4641 W. 36th Ave., Denver, Colorado (Subject Premises) and the person of Andres Cuetara if present at the Subject Premises at the time of the search warrant execution for items that constitute evidence of the commission of, contraband, the fruits of crime, or instrumentalities of violations of Title 18 U.S.C. § 2252(a)(4)(B) and (b)(2) (possession of and access with intent to view a visual depiction of a minor engaged in sexually explicit conduct) and 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) (possession of and access with intent to view child pornography). The facts, in part, supporting this search warrant are described below.

13. An investigation targeting U.S.-based individuals who accessed one or more Tor-network-based[1] hidden service websites dedicated to child sexual exploitation revealed that an individual accessed the TARGET WEBSITE[2] on May 17, 2019 at 07:56:14 UTC from IP address 73.153.224.93.

14. The TARGET WEBSITE was an online forum dedicated to the advertisement and distribution of child pornography and child erotica. Child pornography images and videos were trafficked through this chat website via the posting of web links within forum messages.

---

[1] **Tor** is free and open-source software for enabling anonymous communication. Tor directs Internet traffic through a free, worldwide, volunteer overlay network consisting of more than seven thousand relays to conceal a user's location and usage from anyone conducting network surveillance or traffic analysis. Using Tor makes it more difficult to trace Internet activity to the user. Tor's intended use is to protect the personal privacy of its users, as well as their freedom and ability to conduct confidential communication by keeping their Internet activities unmonitored.

[2] The name of the **TARGET WEBSITE** is known to law enforcement. However, investigation into the users of the website remains ongoing and disclosure of the name of the website would potentially alert active website users to the investigation.

Links allowed a user to navigate to another website, such as a file-hosting website, where images and/or videos are stored, in order to download these image and videos.

15. IP address 73.153.224.93, according to publicly available information, was operated by Comcast Communications. On September 9, 2019, Comcast Communications provided the following subscriber information for IP address 73.153.224.93 on May 17, 2019 at 07:56:14 UTC:

    a. Subscriber Name: ANDRES CUETARA

    b. Service Address: 4641 W. 36TH AVE, DENVER, CO 80212-1571

    c. Telephone: 303-437-1380

    d. Start of Service: Unknown

    e. Status: Active

    f. Email: ANDRESCUETARA0852@comcast.net

16. Public database records for Andres Cuetara residing at 4641 W. 36th Ave., Denver, CO 80212-1571 yielded a year of birth for Andres G. Cuetara of 1970. DMV records for Andres G. Cuetara-Martinez in Colorado confirmed a year of birth of 1970.

17. On October 28, 2020, an administrative subpoena was served to Comcast Communications for subscriber information for account number 8497303263020852. On October 29, 2020, Comcast Communications responded and provided information indicating the account remained active and tied to ANDRES CUETARA at 4641 W. 36TH AVE, DENVER, CO 80212-1571.

18. On November 6, 2020 and November 9, 2020, additional surveillance was conducted at 4641 W. 36th Avenue, Denver, Colorado, 80212. It was observed that Andres Cuetara left the premises each morning at 5:30 a.m. to go to work.

19. On November 16, 2020, I and other FBI and Task Force personnel executed the warrant issued by Magistrate Judge Kristen L. Mix on November 12, 2020, which authorized the search of the aforementioned Subject Premises and the person of Andres Cuetara. When I and other agents arrived at the Subject Premises, an individual identified as Andres Cuetara was present. Mr. Cuetara was not handcuffed at any point during the search warrant execution or interview process.

20. Mr. Cuetara and the other two occupants of the residence were seated on a couch in the front living area once the residence was deemed clear and safe. Kenneth Stock, the owner of the residence, advised me that Mr. Cuetara was deaf. David Wilson, the other occupant of the residence, used American Sign Language (ASL) to communicate with Mr. Cuetara who indicated he was willing to be interviewed.

21. Mr. Stock was interviewed and denied viewing or possessing child pornography. Mr. Stock's devices were forensically previewed. There was no child pornography observed on Mr. Stock's devices.

22. Mr. Wilson was interviewed and denied viewing or possessing child pornography. Mr. Wilson's devices were forensically previewed. There was no child pornography observed on Mr. Wilson's devices.

23. Mr. Cuetara was then led by myself and Task Force Officer John Donohoe to a private space in the basement to be interviewed.

24. TFO Donohoe and I communicated with Mr. Cuetara by handwriting questions on a notepad to which Mr. Cuetara provided written and gestured responses. Mr. Cuetara was advised he was not under arrest, and that he could leave at any time. Mr. Cuetara indicated he understood. A laptop computer was also used to type questions to which Mr. Cuetara provided answers. As this interview process was taking place, FBI Supervisory Special Agent (SSA) Kerri Reifel contacted FBI Headquarters and arranged for two FBI ASL interpreters to facilitate communication with Mr. Cuetara via video conference, with one interpreter signing to Mr. Cuetara and another providing verbal translation. Once the video conference began, Mr. Cuetara was advised again that he was not under arrest and was free to leave. Mr. Cuetara indicated he understood and that he wished to be interviewed.

25. Mr. Cuetara admitted to using the Tor network to access Child Pornography, and that he had accessed a site on the Tor network specifically focused on child pornography of boys. Mr. Cuetara provided his user name. Mr. Cuetara first used Tor many years ago. Mr. Cuetara stated his primary interest was in boys aged about 10 years. Mr. Cuetara admitted to accessing and storing child pornography on his electronic devices, including Apple devices and a Network-Attached Storage[3] (NAS) device which was found in his bedroom during the search. Mr. Cuetara also admitted to storing child pornography on CDs and DVDs that were found in his bedroom, and that he had been storing child pornography for years. Mr. Cuetara provided that he masturbated while viewing the child pornography he stored and possessed.

26. Mr. Cuetara admitted to taking pictures of boys in public that he did not know, but that he had never taken pictures of nude children. Mr. Cuetara provided he had never sexually assaulted a child and was willing to take a polygraph examination regarding that point. Mr. Cuetara provided he was addicted to CP.

27. During the execution of the search warrant, numerous digital storage devices were recovered from Mr. Cuetara's bedroom and bathroom, to include the following: two iPads, two iPhones, two iMacs, one Macbook, several storage disks (CDs and/or DVDs), several loose external hard drives, and a Network-Attached Storage (NAS) device. The NAS device was connected to a wireless modem/router under the nightstand next to Mr. Cuetara's bed, and was configured such that it was accessible from other devices such as the iPads and iMacs which were also connected to the network wirelessly. The NAS was found to contain four

---

[3] **Network-Attached Storage (NAS)** is a computer data storage server connected to a computer network providing data access to devices connected to the same network.

4

(4) 6-Terabyte hard drives. Review of the computer forensic examination of one of the Apple iPads has begun; however, computer forensic examination is in very preliminary stages and is ongoing.

28. One of the above-referenced Apple iPads was found in the bathroom adjacent to Mr. Cuetara's bedroom. I was advised by Mr. Wilson, who shared access to the bathroom, that the iPad belonged to Mr. Cuetara. Mr. Cuetara confirmed the iPad was his, and provided a passcode to the device.

29. I previewed the iPad during the search warrant execution and found child pornography. The iPad was subsequently reviewed in more detail on November 17, 2020 at the FBI offices in Denver. The name of the iPad is "iPad". An iCloud account associated with the email address "acuetara@hotmail.com" was configured on the iPad. Multiple images and videos depicting child pornography were found, examples of which are described as follows:

   a. IMG_8424.MP4 – This video is 6 minutes, 4 seconds in length, and depicts a pre-pubescent male of about 10 years old masturbating. This video was found in the iPad's iPad/mobile/Media/DCIM/108APPLE/ folder structure. This folder structure reflects that this video was saved to the device.

   b. IMG_8425.MP4 – This is a video that is 20 minutes, 25 seconds in length, and depicts two pre-pubescent males approximately 10 years old engaged together in acts of sexually explicit conduct that include anal penetration. This video was found in the iPad's iPad/mobile/Media/DCIM/108APPLE/ folder structure. This folder structure reflects that this video was saved to the device.

   c. 800b34b6-a46f-4a81-a9e0-c73ed026797c_embedded_1.jpg – This is an image depicting a pre-pubescent male of about 10 years old. The male is on his back with his legs up. He is spreading his buttocks so that his anus is exposed. His genitalia is also displayed. This image was found in the iPad's iPad/mobile/Containers/Shared/AppGroup/group.com.kik.chat/cores/private/ folder structure. Based on the folder structure, it appears that the Kik application was installed on the device and used to access and store child pornography. Kik is a social networking application that utilizes the Internet to allow users to send messages in a text format; files may also be sent and received using Kik.

30. Based on my experience and training, Apple devices are not manufactured in the State and District of Colorado.

31. Based on my experience and training, I have learned that the Internet is a means and facility of interstate and foreign commerce.

## CONCLUSION

32. Based on the foregoing facts, probable cause exists that Andres Cuetara has violated 18, United States Code, Section 2252A(a)(5)(B), possession of child pornography.

33. I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

                                        *s/ Adam L. Krob*_____
                                        Adam L. Krob, Special Agent
                                        Federal Bureau of Investigation

SUBSCRIBED and SWORN before me this __20th__ day of __Nov.__ 2020

_____
UNITED STATES MAGISTRATE JUDGE

6