IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-mj-00188-KLM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.     ANDRES CUETARA,

        Defendant.

_____

**GOVERNMENT'S MOTION TO EXCLUDE TIME FROM THE SPEEDY TRIAL ACT'S INDICTMENT CLOCK BASED ON SUSPENSION OF THE GRAND JURY**
_____

The United States of America ("the government"), by and through United States Attorney for the District of Colorado Jason R. Dunn and Alecia L. Riewerts, Assistant United States Attorney, respectfully moves for an order excluding time from the Speedy Trial Act's "indictment clock" from November 24, 2020 until January 29, 2021. Specifically, in light of the COVID-19 pandemic and the District of Colorado's suspension of grand jury proceedings from November 6, 2020 to January 29, 2021, the government requests an order excluding time from the 30-day period under 18 U.S.C. § 3161(b) in which an indictment or information must be returned.

    **I.**     **Factual and Legal Background**

        A. Defendant's Arrest and Procedural History

This case was initiated via a complaint and arrest warrant, issued on November 20, 2020, by the Hon. Magistrate Judge Kristen L. Mix.  ECF #1, 2.  Defendant Andres Cuetara first appeared before a judicial officer of this Court on November 24, 2020.  ECF #7.  After a contested detention hearing conducted on November 30, 2020, the defendant was released on $1,000 unsecured bond with conditions on December 1,2020.  ECF #13, #15.  However, the defendant remains in ICE custody.  ECF #15.

During a Status Conference before the Hon. Magistrate Judge Scott T. Varholak conducted on January 25, 2021, the government intended to move orally for a motion to exclude time under the Speedy Trial Act.  The Hon. Magistrate Judge Varholak advised the government that an ends of justice motion should be accomplished by written motion so that defense counsel would have an opportunity to respond.  ECF #25.  Defense counsel did not concede that an ends of justice motion was appropriate.  *Id.*  The Court did not make any finding about whether an ends of justice motion was appropriate, especially given the defendant was not present for the status conference by VTC or telephone.  *Id.*  The Status Conference was reset for February 3, 2021 at 10:00am before the Hon. Magistrate Judge Mix.  *Id.*

B.  COVID-19 and the District of Colorado's Response

On November 5, 2020, in response to the continuing spread of the COVID-19 pandemic, the Hon. Chief United States District Judge for the District of Colorado Philip A. Brimmer suspended all grand jury proceedings from November 6, 2020, through January 8, 2021 and "therefore, pursuant to 18 U.S.C. § 3161, a grand jury within the District of Colorado is not available during that period".  D. Col. District Court General Order 2020-19, In Re: Court Operations During the COVID-19 Pandemic (Nov. 5,

2020).  The order states "key indicators from the Colorado Department of Public Health & Environment, including positivity rates, the number of hospitalizations, and cumulative incidences per 100,000 people, continue to demonstrate high rates of COVID-19 infections in many parts of the District of Colorado.  These conditions make it advisable to continue to restrict certain court operations to help slow the spread of the disease."  *Id.*

On December 16, 2020, the Hon. Chief District Judge Brimmer suspended all grand jury proceedings through January 29, 2021 and "therefore, pursuant to 18 U.S.C. § 3161, a grand jury within the District of Colorado is not available during that period".  D. Col. District Court General Order 2020-21, In Re: Court Operations During the COVID-19 Pandemic (Dec. 16, 2020).  This order likewise states "key indicators from the Colorado Department of Public Health & Environment, including positivity rates, the number of hospitalizations, and cumulative incidences per 100,000 people, continue to demonstrate high rates of COVID-19 infections in many parts of the District of Colorado.  These conditions make it advisable to continue to restrict certain court operations to help slow the spread of the disease."  *Id.*

The above orders followed a series of prior orders in the District of Colorado responding to the COVID-19 crisis.  For example, on June 15, 2020, the Hon. Chief District Judge Brimmer issued an order outlining protocols, including protocols for entering the courthouses or U.S. Probation Offices for the District of Colorado and protocols related to the filing of documents.  D. Col. District Court General Order 2020-10, In Re: Court Operations During the COVID-19 Pandemic (June 15, 2020).  The justification for this order was that "the COVID-19 (Coronavirus Disease) outbreak

remains a national public health emergency, the Centers for Disease Control and Prevention ("CDC"), the Colorado Department of Public Health and Environment, and the Denver Department of Public Health and Environment continue to advise taking measures to slow the spread of the disease and precautions to reduce the possibility of exposure to the virus".  *Id.*at 1.  Further, "this Court continues to evaluate its response to the spread of COVID-19 and recognizes the need to assist in the preservation of public safety and health while effectively administering justice during the COVID-19 pandemic".  *Id.*  As per General Orders 2020-19 and 2020-21, the justifications for those orders "remains the same as for General Order 2020-10".

    C.  The Speedy Trial Act

Under 18 U.S.C. § 3161(b) (the "indictment clock"), an indictment must usually be returned within 30 days of a federal arrest or service of a summons based on a complaint.  Here, this provision would typically require defendant to be indicted by today, January 25, 2021.  Exceptions to this rule apply, however, and periods can be excluded under 18 U.S.C. § 3161(h)—the same, familiar provision that applies to the 70-day trial clock.

        1.  *18 U.S.C. § 3161(b) extends the speedy-indictment clock to 60 days if no grand jury is in session*

Under 18 U.S.C. § 3161(b), the indictment clock automatically extends to 60 days if no grand jury is in session during the 30 days following a defendant's arrest or service with a summons.  18 U.S.C. § 3161(b).  Specifically: "If an individual has been charged with a felony in a district in which no grand jury has been in session" during the "thirty days from the date on which such individual was arrested or served with a

4

summons," then "the period of time for filing the indictment shall be extended" from 30 to 60 days. *Id.*

This provision applies to grand juries that have been suspended—that is, juries which remain empaneled but do not sit anywhere in the district for 30 days. The Supreme Court has referred to a grand jury being "not in session" to refer to the grand jury's "schedule," not its empanelment. *Jaben v. United States*, 381 U.S. 214, 219 (1965); *United States v. Towill*, 548 F.2d 1363, 1367 (9th Cir. 1977) ("A close reading of Jaben convinces us that the Court meant to equate 'session' with the current 'grand jury schedule,' not with the theoretical possibility of summoning a grand jury on short notice."). "In session," under Federal Rule of Criminal Procedure 6(d)(1), similarly refers to a particular meeting of the grand jury; thus the Rule describes the "persons who may be present while the grand jury is in session[.]" *Id.*

> 2. 18 U.S.C. § 3161(h)(7)(A) allows exclusion of time from the Speedy Trial Act—including the indictment clock—to serve the ends of justice

The COVID-19 pandemic justifies excluding time from the Speedy Trial Act under 18 U.S.C. § 3161(h)(7)(A). This is the same ends of justice provision that applies to the 70-day post-indictment trial clock under the Speedy Trial Act. It excludes "[a]ny period of delay resulting from a continuance granted by any judge . . . if the judge granted the continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest in the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The Speedy Trial Act allows a court to consider "[w]hether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b)[.]" 18 U.S.C. § 3161(h)(7)(B)(iii).

## II. Request for Speedy Trial Act Exclusion and Findings

Here, the time between November 24, 2020, (the date of defendant's arrest) and January 29, 2021, should be excluded from the Speedy Trial Act, thus tolling the indictment clock. Since all District of Colorado grand juries remained suspended for the entire 30 days following defendant's arrest, the indictment clock extended to 60 days. 18 U.S.C. § 3161(b).  This provision applies automatically; "[n]o government motion is required."  *United States v. Mann*, 701 F.3d 274, 285 (8th Cir. 2012).

Therefore, under the Speedy Trial Act the indictment clock should be tolled from November 24, 2020, until January 29, 2021, under the ends of justice provision.  *See* 18 U.S.C. § 3161(h)(7)(A).  As noted above, all grand juries in the District of Colorado have been suspended since the time of the defendant's arrest until that date.

As described above, the ends of justice amply justify excludable time under these circumstances.  "Although the drafters of the Speedy Trial Act did not provide a particular exclusion of time for such public emergencies (no doubt failing to contemplate, in the more innocent days of 1974, that emergencies such as this would ever occur), the discretionary interests-of-justice exclusion" certainly covers this situation.  *United States v. Correa*, 182 F. Supp.2d 326, 329 (S.D.N.Y. 2001) (addressing Speedy Trial Act exclusion in the wake of the September 11 terrorist attacks).  Thus, Courts of Appeals across the country have affirmed Speedy Trial Act exclusions under emergent circumstances: after the eruption of Mt. St. Helens, *Furlow v. United States*, 644 F.2d 764, 767-69 (9th Cir. 1981); where a case agent had a "catastrophic family medical emergency," *United States v. Hale*, 685 F.3d 522, 533-36 (5th Cir. 2012); after Hurricane Katrina, *United States v. Scott*, 245 F. App'x 391, 394

(5th Cir. 2007) (unpublished); or even after a "paralyzing blizzard" and the hospitalization of an informant, *United States v. Richman*, 600 F.2d 286, 292, 293-94 (1st Cir. 1979).

With respect to the indictment clock, the pandemic falls under 18 U.S.C. § 3161(h)(7)(B)(iii), which allows a court excluding time to consider "[w]hether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b)[.]"  18 U.S.C. § 3161(h)(7)(B)(iii).  The District of Colorado General Orders suspending grand-jury proceedings makes indictment of this case before January 29, 2021, not just "unreasonable to expect" but impossible.  *Id.*  As the above-referenced orders recognize, public health compels that suspension.

WHEREFORE, the government requests that the Court enter an order making case-specific findings excluding time from the Speedy Trial Act's indictment clock under 18 U.S.C. § 3161(h)(7)(A).

Respectfully submitted,

JASON R. DUNN
United States Attorney

By: *s/ Alecia L. Riewerts*
ALECIA L. RIEWERTS
Assistant United States Attorney
United States Attorney's Office
1801 California St., Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Email: Alecia.Riewerts@usdoj.gov
Attorney for Government

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of January, 2021, I electronically filed the foregoing **GOVERNMENT'S MOTION TO EXCLUDE TIME FROM THE SPEEDY TRIAL ACT'S INDICTMENT CLOCK BASED ON SUSPENSION OF THE GRAND JURY** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email address:

**Defense Attorney:**
Laura Suelau

**Email Address:**
laura.suelau@fd.org

By:  *s/ Alecia L. Riewerts*
ALECIA L. RIEWERTS
Assistant United States Attorney
United States Attorney's Office
1801 California St., Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Email: Alecia.Riewerts@usdoj.gov
Attorney for Government