IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 20-mj-00188-KLM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

**ANDRES CUETARA**,

        Defendant.

---

**DEFENDANT'S RESPONSE TO MOTION TO EXCLUDE TIME FROM SPEEDY TRIAL ACT'S INDICTMENT CLOCK BASED ON SUSPENSION OF GRAND JURY**

---

      Andres Cuetara, by and through his attorney, Assistant Federal Public Defender Laura H. Suelau, responds to the government's motion to toll the indictment clock of the Speedy Trial Act.[1] To the extent that the government's request is to toll the indictment clock an additional four days, from January 25, 2021 to January 29, 2021, he does not oppose that request. Similarly, if the government is requesting the indictment clock be tolled from November 24, 2020 to January 29, 2021, he does not oppose that request. However, if the government is requesting *both* that all time between November 24, 2020 and January 29, 2021 be tolled *and* that they have a total of 60 days to file an indictment thereafter, pursuant to 18 U.S.C. § 3161(b), he disagrees and opposes that request.[2]

      1.      Mr. Cuetara was arrested on November 24, 2020. 18 U.S.C § 3161(b) requires the government file an indictment within thirty (30) days of that arrest. That filing period is extended by 30 days if "no grand jury has been in session during such thirty-day period." *Id.*

---

[1] Counsel understands "toll" to mean the suspension or exclusion of time. This is distinct from time being "extended" as contemplated by 18 U.S.C. § 3161(b).

[2] The government did not confer with counsel prior to filing their Motion.

2.     Separately, 18 U.S.C. § 3161(h) outlines certain periods of delay which shall "be excluded in calculating the time within which an information or indictment must be filed[…]." That includes periods where the judge finds "the ends of justice served by taking such an action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The government specifically cites a single factor for this Court to consider, 18 U.S.C. § 3161(h)(7)(B)(iii), whether "delay in filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b)[…]." The court must consider each of those factors outlined in 18 U.S.C. § 3161(h)(7)(B).

3.     No grand jury was in session in the 30 day period after November 24, 2020. *See* Gen. Order 2020-19 and 2020-21. Therefore, the period for filing an indictment was extended an additional thirty days to January 25, 2021 pursuant to 18 U.S.C. § 3161(b).[3]

4.     Mr. Cuetara understands the government is requesting additional time to file an indictment after January 25, 2021. There are three possible interpretations of the government's exact request. He will address each.

5.     The government may be requesting that the indictment clock be tolled four days until January 29, 2021 pursuant to 18 U.S.C. § 3161(h)(7)(A). Mr. Cuetara does not oppose that request.

6.     Alternatively, the government may be requesting that all time between November 24, 2020 and January 29, 2021 (66 days) be tolled pursuant to 18 U.S.C. § 3161(h)(7)(A). Thereafter, the government would have 30 days to file an indictment pursuant to 18 U.S.C. § 3161(b). Therefore, the indictment filing deadline would be February 28, 2021. Mr. Cuetara does not oppose that request.

7.     The third possible interpretation is that the government is requesting all time between November 24, 2020 and January 29, 2021 (66 days) be tolled pursuant to 18 U.S.C. § 3161(h)(7)(A)

---

[3] Federal Rule of Criminal Procedure 45 excludes "the day of the event that triggers the period," and instructs that if the last day is a Saturday, Sunday, or legal holiday, the period runs "until the next day that is not a Saturday, Sunday, or legal holiday."

*and* asserting that 18 U.S.C. § 3161(b) extends the indictment clock to 60 days (rather than 30), irrespective of tolled time. Mr. Cuetara disagrees and opposes that request.

If the indictment clock is tolled pursuant to 18 U.S.C. § 3161(h)(7)(A) from November 24, 2020 to January 29, 2021 (the date on which the grand jury may resume), then 18 U.S.C. § 3161(b) requires the indictment to be filed within 30 days of the resumption of the indictment clock. The "automatic" application of 18 U.S.C. § 3161(b)'s extension of 30 days does not apply unless "no grand jury has been in session." If the indictment clock is tolled until January 29, 2021 and General Order 2020-21 allows for grand jury proceedings to resume on January 29, 2021, the government has failed to make a showing that no grand jury will meet in the 30 days after January 29.

8. Accordingly, Mr. Cuetara agrees it would be appropriate (and most logical) to grant the government's motion based on the grounds that the 66 days from November 24, 2020 until January 29, 2020 is tolled pursuant to 18 U.S.C. § 3161(h)(7)(A). Such relief would allow the government 30 days, until February 28, 2021, to file an indictment pursuant to 18 U.S.C. § 3161(b).

    Respectfully submitted,

    VIRGINIA L. GRADY
    Federal Public Defender


    s/Laura Suelau
    LAURA SUELAU
    Assistant Federal Public Defender
    633 17th Street, Suite 1000
    Denver, CO  80202
    Telephone: (303) 294-7002
    FAX: (303) 294-1192
    laura.suelau@fd.org
    Attorney for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 2, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

      Alecia Riewerts, AUSA
      Email: alecia.riewerts@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

      Andres Cuetara      (Via U.S. Mail)

      s/Laura Suelau
      LAURA SUELAU
      Assistant Federal Public Defender
      633 17th Street, Suite 1000
      Denver, CO  80202
      Telephone: (303) 294-7002
      FAX: (303) 294-1192
      laura.suelau@fd.org
      Attorney for Defendant